Ronald **PANZELLA**

v.

**HILLS STORES COMPANY d/b/a Hills Department Stores f/k/a Scoa Industries, Inc. and Hills Department Stores, Inc. f/k/a THL Holdings, Inc. and C.R.H. International, Inc.**

v.

**COLLINS CO., LTD. and Collins International Corp. and Kowling Co., Ltd.**

Civ. A. No. 94–0329.

United States District Court, E.D. Pennsylvania.

July 25, 1994.

Sebastian M. Rainone, Nicholas Casamento, Rainone and Rainone, Philadelphia, PA, for Ronald Panzella.

Mary T. Trainor, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Hills Stores Co. d/b/a Hills Dept. Stores f/k/a Scoa Industries, Inc., Hills Dept. Stores, Inc. f/k/ THL Holdings, Inc., and C.R.H. Intern., Inc.

D. Holbrook Duer, Post & Schell, P.C., Lancaster, PA, for Collins Co., Ltd.

James P. Hadden, Goldfein & Joseph, Philadelphia, PA, for Collins Intern. Corp. and Kowling Co., Ltd.

### MEMORANDUM

CAHN, Chief Judge.

Plaintiff Ronald Panzella ("Panzella") has sued the defendant Hills Department Store ("HDS") seeking compensation for alleged back injuries. Currently before this Court is HDS' Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Motion for Summary Judgment will be denied.

## I. FACTUAL BACKGROUND

Panzella alleges that he suffered back injuries when a chair HDS was displaying for sale broke while he was sitting in it. The incident occurred on May 12, 1990. After the accident but prior to Panzella's filing suit, HDS filed for bankruptcy under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 101 *et seq.* Upon HDS' bankruptcy filing, an "automatic stay" applied to all actions and barred Panzella from commencing this suit. 11 U.S.C. § 362. The Bankruptcy Court for the Southern District of New York confirmed HDS' reorganization plan and dissolved the automatic stay in September of 1993. On November 1, 1993, Panzella filed this products liability suit, alleging, *inter alia,* strict liability, negligence, and breach of implied warranty.

## II. STANDARD FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of "showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Vines v. Howard,* 676 F.Supp. 608, 610 (E.D.Pa.1987). The non-moving party must then go beyond the pleadings to "establish the existence of each element on which it bears the burden of proof," *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991), because "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552.

■ When considering a motion for summary judgment, the court must draw all justifiable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The court may not make credibility determinations or weigh the evidence. *Id.* at 252, 106 S.Ct. at 2512. If the record thus construed could not lead the trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## III. DISCUSSION

■ HDS contends that Panzella is barred from bringing this action because the statute of limitations has run on his claim. The court finds that § 108(c) of the Bankruptcy Code does not suspend the statute of limitations; nor does the automatic stay provision of the Bankruptcy Code, § 362, toll the statute of limitations. 11 U.S.C. §§ 108(c), 362. However § 5535(b) of Title 42 of the Pennsylvania code provides plaintiffs with additional time to file suit when their actions are stayed. Accordingly, HDS' motion for summary judgment is denied.

Under the Bankruptcy Code, a plaintiff receives an additional thirty (30) days to file suit if the statute of limitations expires while a defendant is in bankruptcy. 11 U.S.C. § 108(c)(2). Section 108(c) provides that:

Extension of Time: *if applicable nonbankruptcy law* ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of filing or the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of termination or expiration of the stay under 362 ...

11 U.S.C. § 108(c) (emphasis added). *See In re Deicas*, 137 B.R. 51, 54 (Bankr.S.D.Ca. 1992) ("Where the Bankruptcy Code is silent, and no uniform bankruptcy rule is required, the rights of the parties are governed by the underlying nonbankruptcy law.") (citations omitted). However, Congress explicitly allowed for state statutes or other applicable nonbankruptcy law to provide additional time for plaintiffs to file suit if the defendant was in bankruptcy.

Because this case is brought pursuant to 28 U.S.C. § 1332, the court must look to the relevant law of Pennsylvania in determining substantive law. Section 5535 of Title 42 of the Pennsylvania Code, entitled Stay of Matter, addresses the effect a statutory stay has on the statute of limitations of an underlying action. 42 Pa.Cons.Stat.Ann. § 5535. HDS contests the applicability of § 5535(b) to the instant controversy.

■ A general canon of statutory construction dictates that "[t]he task of resolving the dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enter.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). *See also United States v. Schneider*, 14 F.3d 876, 879 (3d Cir.1994) (noting that the text of statute is best evidence of legislatures' intent). Section 5535(b) states that: "Where the commencement of a civil action or proceeding has been stayed by a court or *by statutory prohibition*, the duration of the stay is not a part of the time within which the action ... must be commenced." 42 Pa.Cons.Stat.Ann. § 5535(b) (emphasis added). If the language is clear, then the court need not inquire further. *United Steelworkers v. North Star Steel*, 5 F.3d 39, 43 (3d Cir.1993) *cert. denied*, —— U.S. ——, 114 S.Ct. 1060, 127 L.Ed.2d 380 (1994) (citations omitted). This court finds the foregoing language clear. Therefore the court's "sole function ... is to enforce [the statute] according to its terms." *Id.* (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

This court follows the guidance of the United States Court of Appeals for the Seventh Circuit in *Pettibone v. Easley*, 935 F.2d 120 (7th Cir.1991). In *Pettibone*, a case that addressed the effect of § 108(c) of the Bankruptcy Code on a party's ability to bring a

tort action, the appellate court held that the state's statute of limitations was controlling. The Seventh Circuit Court of Appeals stated, "[f]ederal law assured the plaintiffs 30 days in which to pick up the baton; if states want to give the plaintiffs additional time, that is their business. Some states do—e.g., Illinois, which tolls its statute of limitations during the entire bankruptcy proceedings...." *Id.* at 121.

Similarly, the Pennsylvania statute tolls the statute of limitations and provides plaintiffs with more than 30 days to bring suit. 42 Pa.Cons.Stat.Ann. § 5535(b). The only case this court has found which applied § 5535(b) to a bankruptcy proceeding is *First Nat'l Bank of Lancaster v. Brewer,* 301 Pa.Super. 104, 447 A.2d 263 (1982). Even though *First Nat'l Bank* applied § 5535(b) to an earlier version of the Bankruptcy Code, this court finds the reasoning persuasive. In *First Nat'l Bank,* plaintiffs, First National Bank of Lancaster County ("Bank") and Howard W. Seiple ("Seiple"), filed exceptions to a Sheriff's Schedule of Distribution in the state court. However prior to trial, defendant Brewer filed for bankruptcy. Brewer listed both the Bank and Seiple as creditors. Subsequently, the Bankruptcy Court entered an Order of Abandonment after denying the confirmation of the sale of Brewer's estate. *Id.,* 447 A.2d at 265. Seiple claimed that he did not receive notice of the Bankruptcy Court's order. The Superior Court revived Seiple's lien even though the creditor failed to bring the action within the five year statute of limitations. *Id.* The court held that "a combined interpretation of the Federal Bankruptcy Law and the Judicial Code [§ 5535(b) ], under the circumstances of this case, serves to suspend the five-year revival period [during Brewer's term in bankruptcy]." *Id.* at 266.

■ As a final observation on statutory construction, the United States Court of Appeals for the Third Circuit has held that "a statute's provisions should be read to be consistent with one another, rather than the contrary." *United Steelworkers,* 5 F.3d at 43. Consequently courts must look "to the design of the statute as a whole and its object and policy." *Ron Pair Enter.,* 489 U.S. at 241, 109 S.Ct. at 1030 (citations omitted). The Pennsylvania Legislature designed § 5535(b) to work in conjunction with § 5524 of Title 42. Section 5524 establishes a two year time limitation for filing tort claims. Section 5535(b) allows the plaintiff's two years to be extended if the claim cannot be filed as a result of an automatic stay. *See* 42 Pa.Cons.Stat.Ann. §§ 5524, 5535(b). Giving effect to the words of the statute, this court interprets § 5535(b) as providing Panzella with additional time because his action was stayed by the Bankruptcy Code.

Panzella is entitled to receive approximately 16 months of additional time to file his claim. The extra time period is determined from when HDS declared bankruptcy and runs until the statute of limitation expired. Therefore Panzella's filing of the complaint on November 1, 1993, is timely and the defendant's motion for summary judgment is denied.

An order follows.

### *ORDER*

AND NOW this 25th day of July, 1994, upon consideration of the Defendant Hills Department Store's ("HDS") Motion for Summary Judgment pursuant to Fed. R.Civ.P. 56(c) and the response thereto, IT IS HEREBY ORDERED that:

1. The motion is DENIED; and

2. HDS' request for an additional sixty (60) days of discovery on the issue of notice is DENIED.