

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2002

# USA v. Burney

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Burney" (2002). *2002 Decisions.* Paper 305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3299
_____

UNITED STATES OF AMERICA

v.

ROBERT BURNEY
Appellant
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. No. 97-cr-00369)
District Judge: Honorable Joseph H. Rodriguez

_____

Argued: April 23, 2002

Before: SCIRICA, RENDELL and NOONAN,
Circuit Judges.

(Filed May 28, 2002)


MARK W. CATANZARO (Argued)
Blason IV - Suite 208
513 S. Lenola Road
Moorestown, New Jersey 08057

Counsel for Appellant

GEORGE S. LEONE
ELIZABETH S. FERGUSON (Argued)
Assistant U.S. Attorney
970 Broad Street
Newark, NJ 07102-2535

Counsel for Appellee


_____

OPINION
_____


NOONAN, Circuit Judge.

   Appellant Robert Burney ("Burney") was convicted of carjacking in violation of
18 U.S.C.  2119 (Count One) and possession of a handgun by a convicted felon in
violation of 18 U.S.C.  922(g)(1) (Count Three).  He was acquitted of possession of a
handgun during a crime of violence in violation of 18 U.S.C.  924(c) (Count Two).
Burney now argues that the district court erred in denying him a judgment of acquittal, or
in the alternative, a new trial, on Count One because the government did not present
sufficient evidence of his intent to harm or to kill.  He also argues that the gun seized

from his waistband should have been suppressed because the police did not have reasonable suspicion to stop, frisk and handcuff him.

The district court had jurisdiction under 18 U.S.C. 3231. We have jurisdiction under 28 U.S.C. 1291. This court reviews de novo the district court's denial of a post-verdict judgment of acquittal. United States v. Schneider, 14 F.3d 876, 878 (3d Cir. 1994). The verdict must be affirmed if supported by substantial evidence. U.S. v. Coyle, 63 F.3d 1243, 1239 (3d Cir. 1995). A district court's denial of a motion for a new trial is reviewed for abuse of discretion. Pennsylvania v. U.S. Dep't of Health and Human Serv., 80 F.3d 796, 810 (3d Cir. 1996). Review of a district court's decision to deny a motion to suppress evidence is plenary. United States v. Williams, 3 F.3d 69, 71 (3d Cir. 1993).

We hold that the district court did not err in denying Burney's motion for judgment of acquittal as to Count One, in denying his motion for a new trial and in denying his motion to suppress the gun seized from his waistband.

The basic facts have already been set forth by both parties in their briefs.

Under 18 U.S.C. 2119, an individual can be convicted of carjacking if he "takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so" with "the intent to cause death or serious bodily harm." The intent element of 2119 requires that "at the moment the defendant demanded or took control over the driver's automobile [he] possessed the intent to seriously harm or kill the driver if necessary to steal the car ...." Holloway v. U.S., 526 U.S. 1, 12 (1999). Viewing the evidence in the light most favorable to the jury verdict, substantial evidence demonstrates that Burney intended to cause death or serious harm during the carjacking. Burney pointed a gun directly at his victim's face, with his finger on the trigger, while he ordered the victim to deactivate the car alarm, start the car, leave the keys in the ignition and lie on the ground. No explicit verbal threat to harm or to kill is required. Therefore, neither a judgment of acquittal nor a new trial is warranted.

The stop and frisking of Burney was lawful. Police officers have a "narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." Terry v. Ohio, 392 U.S. 1, 27 (1968). The "reasonable suspicion" required is "considerably less than preponderance of the evidence." U.S. v. Valentine, 232 F.3d 350, 353 (3d Cir. 2000).

In this case, the stop occurred in the middle of the night on a very dark section of the road, and the Jeep matched the description of the vehicle police reports indicated was carjacked at gunpoint two nights before, indicating that the occupants of the vehicle may have been armed and dangerous. The officers did not conduct a more thorough pat down until one officer observed the butt of a handgun protruding from behind Burney's belt buckle when Burney was seated in the patrol car. The search for weapons was reasonable.

The police officers in this case, who were reasonably concerned for their safety, did not "arrest" Burney by placing handcuffs on him. "There is no per se rule that pointing guns at people, or handcuffing them, constitutes an arrest." Baker v. Monroe Township, 50 F.3d 1186, 1193 (3d Cir. 1995).

The judgment of the district court is AFFIRMED.

TO THE CLERK:
                    Please file the foregoing opinion.


                                        By the Court,

                                        /s/ John T. Noonan, Jr.
                                        Circuit Judge