

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Jones" (2005). *2005 Decisions.* Paper 1299.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1299

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4233

UNITED STATES OF AMERICA

v.

BRANDON JONES,
                                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00527
(Honorable John R. Padova)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2005

Before: SCIRICA, *Chief Judge*, ROTH and FUENTES, *Circuit Judges*

(Filed: April 29, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Appellant Brandon Jones was convicted of one count of carjacking, in violation of

18 U.S.C. § 2119, following a jury trial in the Eastern District of Pennsylvania. He

challenges his conviction and sentence.  We will affirm his conviction and vacate his sentence.

## Background

Because we write for parties familiar with the facts, we set forth only a limited background.

Shortly after midnight on April 29, 2002– at a gas station in Philadelphia– Jones entered the car of Lorena Edwards, a lone female.  He stated that he had a gun, motioned as if he were holding a gun under his large jacket, and ordered her to drive.  He commanded her to drive to an ATM.  During the ride he threatened to shoot her, stole money from her purse, and took her house keys and identifying information.  When she could not withdraw money from the ATM due to a lack of funds in her account, Jones threatened her several times, ordered her out of the car, abandoned her in the parking lot, and drove away.  He was apprehended an hour later after leading police on a high-speed chase.

Jones was charged with one count of carjacking and found guilty by a jury on February 14, 2003.  On October 24, 2003, the District Court sentenced him to 110 months imprisonment; a three-year term of supervised release; and $15,000 restitution to Lorena Edwards.  The District Court had subject matter jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 18 U.S.C. §§ 1291 and 3742.

**Discussion**

I. Sufficiency of the Evidence

Jones argues the evidence at trial was insufficient to support the jury's guilty verdict. Specifically, he claims the evidence presented at trial did not establish that he possessed the requisite "intent to cause death or serious bodily harm" at the moment he took control of the victim's vehicle. The District Court rejected this argument, which we will as well.

When reviewing whether a jury verdict rests on legally sufficient evidence, we "apply a particularly deferential standard of review." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We must view the evidence in the light most favorable to the government, and we will uphold the jury verdict where "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[A] claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Khorozian*, 333 U.S. 498, 504 (3d Cir. 2003) (quoting *Dent*, 149 F.3d at 187). Put differently, "a finding of insufficiency should be confined to cases where the prosecution's failure is clear." *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)).

Jones was convicted of carjacking in violation of 18 U.S.C. § 2119. To obtain a conviction for carjacking under section 2119, the government must prove that Jones "(1)

3

with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." *United States v. Applewhaite*, 195 F.3d 679, 685 (3d Cir. 1999) (quoting *United States v. Lake*, 150 F.3d 269, 272 (3d Cir. 1998)). Jones challenges the sufficiency of the evidence with respect to the first element, "intent to cause death or serious bodily harm."

The specific intent element of this crime may be conditional; "[i]n a carjacking case in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily harm, Congress' inclusion of the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver *if that action had been necessary* to complete the taking of the car." *United States v. Holloway*, 526 U.S. 1, 11-12 (1999) (emphasis added). "Indeed, the fact that the victim opted to turn over his or her car in the hope of avoiding serious harm does not alter the fact that the defendant possessed an intent to cause death or serious bodily harm in order to obtain the car." *United States v. Anderson*, 108 F.3d 478, 484 (3d Cir. 1997).

The police officers did not recover a gun during Jones' arrest. The evidence at trial, however, established that Jones repeatedly told the victim he had a gun and would shoot her if she did not comply with his demands. Her testimony at trial included a description of Jones holding his hand under his jacket in a bulge, pointing toward the

4

victim, accompanied by his threats that he had a gun and would shoot her. He announced that he was holding a gun the moment he first entered her vehicle. Moreover, the victim testified that she believed appellant was holding a gun, was afraid, and did not run away because she did not believe she could outrun a bullet. Having considered "the totality of all the surrounding facts and circumstances," *Anderson*, 108 F.3d at 485, we hold that a rational jury could have found, beyond a reasonable doubt, that Jones possessed an intent to cause serious bodily harm to the victim if she did not relinquish her car. While "empty threats" and "intimidating bluffs" are insufficient to establish specific intent under § 2119, *Holloway*, 526 U.S. at 11, Jones's conduct rose above empty threats. As detailed above, the evidence established Jones intended to harm his victim if necessary to carry out the carjacking. Under *Holloway*, such conditional intent satisfies § 2119. Accordingly, we find the jury verdict rested upon legally sufficient evidence.

II.  Jury Instruction

Jones also challenges the District Court's instruction to the jury regarding the intent element of carjacking. He argues the instructions authorized the jury to convict without finding a connection between Jones' specific intent and the "taking" of the car. Additionally, he argues the instructions were incomplete because they failed to advise the jury that a "mere bluff" does not rise to the level of "intent to cause death or serious bodily harm." Jones did not object to the jury instructions at trial, thus our review is for plain error. *See United States v. Antico*, 275 F.3d 245, 265 (3d Cir. 2001) (citing *Johnson*

5

*v. United States*, 520 U.S. 461, 465 (1997)).  We have summarized the plain error

doctrine as follows:

> The Supreme Court in *United States v. Olano*, 507 U.S. 725 (1993), articulated the limitations on appellate review under Rule 52(b): "The first limitation on appellate authority under Rule 52(b) is that there indeed be an 'error.'"  The second is that the error be 'plain' and the third is that the error 'affect substantial rights.'  Even if these requirements are met, the court should not exercise its discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'

*Antico*, 275 F.3d at 265 (quoting *Olano*).

We find no error in the District Court's instruction.  The District Court clearly and

repeatedly instructed the jury that Jones' specific intent to cause bodily injury must have

related to taking the vehicle.  *See, e.g.,* JA 516 (reciting elements of carjacking under §

2119, including "taking" a motor vehicle "with the intent to cause death or serious bodily

harm"); JA 520 ("the Government must prove that at the moment the defendant

demanded or took control over the vehicle, that that defendant possessed the intent to

seriously harm or kill the driver, if necessary, to steal the car, or for any other reason");

JA 520 ("The defendant's intent to cause serious bodily harm to the victim must bear a

reasonable connection to the taking of the vehicle."); JA 521 ("The intent is intent to

cause death or serious bodily harm, if necessary, to take the car or gain control over the

car."); *see also Holloway*, 526 U.S. at 12 ("The intent requirement of § 2219 is satisfied

when the Government proves that at the moment the defendant demanded or took control

over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car).").

When reviewing jury instructions, we evaluate whether the charge, "taken as a whole and viewed in light of the evidence,...fairly and adequately submit[s] the issues in the case to the jury." *United States v. Schneider*, 14 F.3d 876, 878 (3d Cir. 1994) (citations omitted). The District Court provided the jury with clear and comprehensive instructions. It explained the concept of specific intent and conditional intent, and it detailed the nexus which must have existed between the defendant's taking of the vehicle and his willingness to cause serious injury. We find no error in the District Court's instructions, and we reiterate our holding above that Jones' conviction– which necessarily includes the element of specific intent– rests on legally sufficient evidence. Accordingly, even if we were to find the District Court's instructions erroneous– which we do not– the outcome of the trial was not affected.

III. Sentencing

Jones challenges his sentence under *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.

7

**Conclusion**

We will affirm Jones's judgment of conviction. We will vacate his sentence and remand for resentencing.