# UNITED STATES COURT OF APPEALS

<u>**Filed 10/28/96**</u>

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JAMIE M. HERRMAN,

     Defendant-Appellant.

No. 96-3076
(D.C. No. 95-CR-40049-1)
(Dist. Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

Appellant Jamie Herrman pled guilty to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 2. At sentencing, the district court enhanced Herrman's base offense level by two levels under U.S.S.G. § 2K2.1(b)(4) because a stolen firearm was involved in the offense, and enhanced by four levels under U.S.S.G. § 2K2.1(b)(5) because the firearm was used in the commission of another felony. Herrman appeals both enhancements. For the reasons

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

set out below, we affirm.[1]

Herrman contends the district court imposed an impermissible burden on him in the sentencing hearing to prove that an enhancement was inapplicable. The government has the initial burden of proof by a preponderance of the evidence that an enhancement applies to the defendant. See United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.), cert. denied, 498 U.S. 829 (1990). Here, the court correctly found that where the government has advanced credible evidence from which reasonable inferences can be drawn to justify the application of sentence enhancements, the burden of proof by a preponderance of the evidence is satisfied unless the defendant advances more convincing evidence that the enhancement is inapplicable. The court thus did not place the burden of proof on defendant.

The Sentencing Guidelines provide for an enhancement of two levels "[i]f any firearm was stolen, or had an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4). Herrman first asserts the government failed to adduce sufficient proof that the firearm was stolen. Herrman relies on the definition of "theft" under Kansas law, which requires "intent to deprive the owner permanently of the possession, use or benefit of the owner's property," Kan. Stat. Ann. § 21-3701 (1995) (emphasis added), and urges that no such intent was proved. In determining the meaning of

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

"stolen" as used in the sentencing guidelines, however, we have looked to the meaning of that term in other federal statutes. See United States v. Rowlett, 23 F.3d 300, 303 (10th Cir. 1994). Construing the Dyer Act, for example, we have concluded that a vehicle may be "stolen" "whether or not the theft constitutes common law larceny" and "whether the intent was to deprive the owner of his rights and benefits in the vehicle permanently, or only so long as it suited the purposes of the taker." McCarthy v. United States, 403 F.2d 935, 938 (10th Cir. 1968). It is undisputed in the present case that Michael Aldridge was deprived of possession of the gun without his consent. We are persuaded the gun was stolen within the meaning of section 2K2.1(b)(4).[2]

Herrman also argues that our opinion in Rowlett precludes application of the enhancement for a stolen weapon. His argument stands the Rowlett decision on its head. The underlying offense there was committed in the attempt to steal the weapon; only after the offense was committed was the weapon "stolen." Rowlett, 23 F.3d at 304-05. Rowlett stands only for the proposition that the gun involved must have been stolen prior to and not as part of the offense for which the defendant is being held responsible. Here, the underlying offense of possession was committed after the gun was stolen.

_____

[2] Kansas law is not inconsistent with this conclusion. "Criminal deprivation of property is obtaining or exerting unauthorized control over property, with intent to deprive the owner of the temporary use thereof, without the owner's consent . . . ." Kan. Stat. Ann. § 21-3705 (1995).

The Sentencing Guidelines also provide for a four level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The district court found that Herrman had used a gun to commit an aggravated assault. Herrman asserts several errors: first, that the court gave insufficient weight to the dismissal of the assault charges in state court; second, that the sentencing court did not have sufficient credible evidence to support its finding; third, that all the elements of aggravated assault were not proved; fourth, that the court erred in not finding self-defense; and fifth, that the court did not find that aggravated assault is a qualifying felony under Kansas law.

The government must prove by a preponderance of the evidence that the guideline applies. Application Note 7 to section 2K2.1 accordingly indicates that "whether or not a criminal charge was brought, or conviction obtained" under a higher burden of proof, is irrelevant to the application of the guideline. The sentencing court therefore did not err in declining to give probative weight to the dismissal of the aggravated assault charge in state court.

For proof that Herrman committed an aggravated assault, the district court principally relied on the testimony of ATF Agent Stumpenhaus. Herrman concedes that reliable hearsay may be used in sentencing, but asserts under United States v. Fennell, 65 F.3d 812, 813 (10th Cir. 1995), that Agent Stumpenhaus' testimony lacked the minimal indicia of reliability. In Fennell, we found insufficient reliability where the sole basis for finding an enhancing felony was the testimony of a probation

-4-

officer as to the unsworn statement of a witness taken over the telephone. Id. The probation officer had no opportunity to assess the credibility of the witness, and there was no other evidence in the record to corroborate the witness's account. Id. Here, in contrast, Agent Stumpenhaus personally interviewed numerous witnesses and was subject to cross-examination about his credibility assessments. He also described the on-scene physical evidence that formed the basis of his testimony. In addition, the district court relied on police reports. This evidence is sufficiently reliable.

Based on Agent Stumpenhaus' testimony, the district court could infer from the bullet trajectory and other evidence that intent, apprehension of harm, and the other elements of aggravated assault were present. The court's finding that Herrman did not act in self-defense is also supported by evidence in the record and is not clearly erroneous.

Finally, Herrman asserts the district court never determined that aggravated assault is a qualifying felony. We have examined the Kansas statutes, Kan. Stat. Ann. §§ 21-3410, 21-4704 (1995), and are persuaded that aggravated assault is a qualifying felony (punishable by more than one year in prison) for section 2K2.1(b)(5) sentence enhancement.

**AFFIRMED.**

Entered for the Court,

Stephanie K. Seymour
Chief Judge