NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0090n.06

Case No. 23-3032

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff - Appellee, | ) | Feb 29, 2024 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| CALVIN ROGERS, | ) |  |
| Defendant - Appellant. | ) | OPINION |
|  | ) |  |

Before: MOORE, GIBBONS, and STRANCH, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Calvin Rogers pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At his sentencing hearing, the district court applied a two-level enhancement to Rogers's base offense level after finding that the firearm he possessed was stolen within the meaning of United States Sentencing Guidelines § 2K2.1(b)(4)(A). Rogers now appeals, arguing that the district court's application of the enhancement was unreasonable. We disagree and, finding no error, affirm.

I.

Portage County Sheriff's deputies conducted a lawful traffic stop on a vehicle for tinted windows in the fall of 2021. Calvin Rogers was driving the vehicle, with his nephew in the passenger seat, but he was not its owner. After spotting loose marijuana on the center console and determining that Rogers had a suspended driver's license and outstanding warrants, the deputies conducted a search of the vehicle. In the course of the search, the deputies found a firearm in the vehicle's glove compartment.

At the scene, Rogers first told the officers that he stole the vehicle, but later clarified that it was not stolen, but that he simply did not have permission to drive it. Rogers also stated that he did not know that the firearm was inside the vehicle. Rogers acknowledged that he did not have permission to possess the firearm. The officers then arrested Rogers. Despite what he initially told police, Rogers's DNA was found on the grip of the firearm, suggesting that he handled the weapon at some point.

Law enforcement officers later interviewed the owner of the vehicle and firearm. The owner told law enforcement that she did not give Rogers permission to possess the firearm and that he should not have touched it.

Over a year later, and related to this event, Rogers was indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Rogers pled guilty to that charge. At his sentencing hearing and over his objection, the district court imposed a two-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(4)(A) because it determined that the firearm Rogers possessed was stolen. The court reached this conclusion after finding that Rogers knew the gun was in the vehicle, physically handled it, and failed to return it despite knowing that the gun owner did not give him permission to possess it. Rogers now appeals, questioning only the validity of that enhancement.

## II.

In assessing the application of a guideline enhancement, we review the district court's legal conclusions, including its interpretation of a Guidelines provision, de novo and its factual findings for clear error. *United States v. Flores*, 974 F.3d 763, 765 (6th Cir. 2020).

III.

Rogers argues that the district court improperly applied a two-level enhancement to his base offense for possession of a stolen firearm under U.S.S.G. § 2K2.1(b)(4)(A). Specifically, Rogers contends that, although he possessed the firearm when its owner left it in the car that he was driving, he "did not take the firearm dishonestly or secretly"; and, therefore, "[e]ven under a broad meaning of stolen," the firearm was not stolen.[1] CA6. R.18, Appellant Br. at 13 (internal quotation marks removed).

Section 2K2.1(b)(4)(A) of the Sentencing Guidelines allows a district court to impose a two-level enhancement on an individual's base offense level "[i]f [] any firearm was stolen[.]" The Guidelines do not define the word "stolen," but our precedent provides some guidance on that question. We previously agreed with our sister circuits that the term "stolen" as used in 2K2.1(b)(4)(A) should be read broadly, as intended in the context of the Guidelines and the Gun Control Act of 1968. *See United States v. Chambers*, 638 F. App'x 437, 445–46 (6th Cir. 2015) (citing *United States v. Bates*, 584 F.3d 1105, 1109 (8th Cir. 2009)); *Cf. United States v. Mobley*, 956 F.2d 450, 452–54 (3d Cir. 1992) (noting that 18 U.S.C. § 922(g) was part of the Gun Control Act of 1968, which sought to restrict firearm access from prohibited persons, and that the stolen firearm enhancement was promulgated as an additional penalty because stolen firearms were disproportionately used in the commission of crimes). Our precedent also makes clear that the

---

[1] Perhaps primarily, Rogers argues that he did not steal the vehicle in which the firearm was located. He does so because he claims that "[t]he district court made a finding that the car Mr. Rogers was driving was stolen and therefore the gun he possessed in that car was stolen, requiring application of the enhancement." CA6. R. 18, Appellant Br., at 9. This framing, however, misconstrues the district court's finding. Despite the district court's discussion of the vehicle, it came to an independent conclusion that the firearm Rogers possessed was stolen. Because we need only evaluate the district court's finding on the stolen firearm question, we do not engage with the stolen vehicle issue.

term does not, unlike the elements of common-law larceny, require the intent to permanently deprive the rightful owner of the firearm. *United States v. Jackson*, 401 F.3d 747, 750 (6th Cir. 2005) (citing *United States v. Herrman*, No. 96-3076, 1996 WL 621028, at *1 (10th Cir. Oct. 28, 1996)). Given these guiding principles, we held in *United States v. Jackson* that the meaning of "stolen" in 2K2.1(b)(4)(A) comports with "the Oxford English Dictionary's definition of 'steal,' as '[t]o take dishonestly or secretly.'" *Id.*

In *Jackson* and in each case to address the question post-*Jackson*, we have held that a firearm is stolen when it is taken or possessed without the owner's consent. *Id.* at 748; *United States v. Bowers*, No. 22-6095, 2024 WL 366247, at *3 (6th Cir. Jan. 31, 2024); *United States v. Thornton*, 621 F. App'x 324, 331 (6th Cir. 2015) ("There is no dispute that Thornton 'deprived [his father] of possession of the gun without his consent.' . . . Thornton did not have access to his father's gun, absent engaging in conduct tantamount to taking it 'dishonestly or secretly.'" (first quoting *Herrman*, 1996 WL 621028, at *1; and then quoting *Jackson*, 401 F.3d at 750)); *United States v. Chambers*, 638 F. App'x 437, 445 (6th Cir. 2015) ("There is no indication in the record that Chambers received his girlfriend's consent—whether explicit or implicit—to take the gun, and thus the only evidence before us suggests that Chambers 'did not have access to [the] gun, absent engaging in conduct tantamount to taking it dishonestly or secretly.'" (quoting *Thornton*, 621 F. App'x at 331)); *United States v. Mollett*, No. 22-5253, 2023 WL 2401189, at *4 (6th Cir. Mar. 8, 2023) ("When [Mollett] took the firearms from Blevins without permission, he took them dishonestly. In other words, he stole them.").

Rogers's inquiry is not much different than those discussed above. Rogers was driving another person's vehicle on the day of the offense. The owner of the vehicle also legally owned a firearm, which was stored in the vehicle's glove box. At some point, Rogers discovered the firearm

in the glove box.  It is undisputed that Rogers was aware that the firearm owner never gave him permission to handle the firearm.[2]  Upon discovering the firearm, however, Rogers did not return it to its owner.  Instead, despite not having permission to do so, Rogers accessed the firearm in the glove box and physically held it.  The district court did not err in determining that, because Rogers intentionally and secretly handled the firearm, "without its owner's permission," the firearm was stolen within the meaning of U.S.S.G. § 2K2.1(b)(4)(A).  *Jackson*, 401 F.3d at 748.  The district court's application of the two-level enhancement, therefore, was reasonable within the meaning of the Guidelines.

IV.

For all above stated reasons, we affirm.

---

[2] The owner of the firearm twice stated that Rogers did not have her permission to possess the firearm, and he himself acknowledged that fact.