UNITED STATES OF AMERICA

v.

EDWARD NATHANIEL HENRY, Appellant

No. 18,983

United States Court of Appeals

Third Circuit

Argued January 26, 1971

Resubmitted June 4, 1971

Decided August 17, 1971

*See, also, 447 F.2d 283*

FRANCISCO CORNEIRO, ESQ. (CORNEIRO & GIBBS), Charlotte Amalie, St. Thomas, V.I., *for appellant*

ROBERT M. CARNEY, ESQ., United States Attorney, Charlotte Amalie, St. Thomas, V.I., *for appellee*

Argued before STALEY, FREEDMAN* and ADAMS, *Circuit Judges*

Resubmitted before MARIS, STALEY and ADAMS, *Circuit Judges*

### OPINION OF THE COURT

STALEY, *Circuit Judge*

On January 4, 1970, appellant Edward Nathaniel Henry, together with his two sons, took a boat belonging to one Joseph Soldiew from its mooring in the bay at Red Hook, St. Thomas, United States Virgin Islands. That same day, the boat ran aground and sank at Stevens Key, a small island between St. Thomas and St. John. Henry and his sons were bound for Tortola, in the British Virgin Islands.

---

* Judge Freedman participated in the consideration of this case, but died before any disposition was made.

Appellant was charged by information with having violated 18 U.S.C. § 661.[1] He was found guilty by a jury, convicted, and sentenced. This appeal followed.

Appellant assigns as error the district court's denial of his motion to dismiss the information because of the Government's failure to offer any proof that appellant had intended to permanently deprive the owner of his property. Appellant further assigns as error the district court's refusal to instruct the jury that the evidence must have satisfied them beyond a reasonable doubt that he had intended to deprive the owner of his property permanently.

The basic issue presented by this appeal, therefore, is whether the intent to permanently deprive an owner of his property is an essential element of the offense described in 18 U.S.C. § 661. Appellant contends that this statute, which punishes one who "takes and carries away, with intent to steal or purloin," is a codification of the offense known at common law as larceny. He argues that an intent to permanently deprive the owner of his property is an essential element of common law larceny and, consequently, is an essential element of § 661. The Government contends that § 661 is not a codification of common law larceny. It argues that a Federal criminal statute describing an offense which was a crime at common law does not necessarily incorporate all of the elements of the common law crime.

■ Appellant relies upon a long history of decisions interpreting the statutes from which the present § 661 was derived and also decisions construing similarly worded statutes. The taking and carrying away of another's goods with intent to steal or purloin has been a Federal crime since 1790. Act of April 30, 1790, ch. 9, § 16, 1 Stat. 116.

---

[1] 18 U.S.C. § 661 provides in pertinent part:
"Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows. . . ."

The 1790 statute then became § 5356 of the U.S. Rev. Stat. (2d ed., 1878), Title LXX, ch. 3, p. 1040; § 287 of the Crimes Act of 1909 (Act of March 4, 1909, ch. 321, § 287, 35 Stat. 1144), 18 U.S.C. § 466 (1940 ed.); Title 18, United States Code, § 661. Appellant contends that the decisions involving the predecessor statutes to § 661 have all used the classic common law formula for larceny to describe the particular offense. We have carefully examined all of the cases cited by appellant which are far too numerous to list. None of these decisions is dispositive of the issue presented by the instant case. It is true that the offense punished by these prior statutes is referred to over and over again as "larceny." The cases themselves, however, have never dealt with the question of the necessity to prove an intent to permanently deprive the owner of his property. A careful reading discloses only that the courts have used terms such as "stealing," "theft," and "larceny" interchangeably. Such loose language is not a basis for concluding that those Federal statutes were codifications of common law larceny.

United States v. Davis, 25 F. Cas. 781 (C.C.D. Mass., 1829), one of the first cases to resort to the common law to construe § 16 of the 1790 Crimes Act, and relied upon by appellant,[2] recognized the nature of the problem. There, Circuit Justice Story stated:

"If the words of the Act of 1790 describe the offense of larceny or theft at the common law, still the indictment must use the words of the statute, for it is punishable as a statute offence; and it would not be sufficient to allege, that the party was guilty of larceny or theft. And for the same reason it would not be sufficient to use any other words, not being those of the statute, although in the sense

---

[2] Appellant's reliance on Davis is based on the court's holding that since choses in action were not the subject of larceny at common law they were not embraced by the term "personal goods" as it was used in the Act of 1790. Appellant seeks to draw from this decision the inference that § 16 of the 1790 Crimes Act was a codification of common law larceny. It is clear, however, that the court looked to the common law solely to aid in defining the term "personal goods."

of the common law they may be descriptive of the same offence." 25 F. Cas. at 783.

■ Clearly, then, it is the wording of the Federal statute that creates the elements of the offense. Since 1790, the words used to describe the intent required have been "with intent to steal or purloin." Several courts have stated that these words were intended to broaden the offense of larceny to include such related offenses as would tend to complicate prosecutions under strict pleading and practice. United States v. Stone, 8 Fed. 232 (C.C.W.D. Tenn., 1881); Crabb v. Zerbst, 99 F.2d 562 (C.A.5, 1938); United States v. Handler, 142 F.2d 351 (C.A.2), cert. denied, 323 U.S. 741 (1944). See also Mitchell v. United States, 394 F.2d 767 (C.A.D.C., 1968). In Handler, Judge Swan, writing on behalf of himself and Judges Learned and Augustus N. Hand, stated that "In various federal statutes the word 'stolen' or 'steal' has been given a meaning broader than larceny at common law." 142 F.2d at 353.

In United States v. Turley, 352 U.S. 407 (1957), involving a conviction under the Dyer Act, the Court stated that the words "steal" and "stolen" have no accepted common law meaning, and went on to hold that "stolen" as used in the Dyer Act includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common law larceny.

■ We are convinced that 18 U.S.C. § 661 and its predecessor statutes were not codifications of the common law crime of larceny but were intended to broaden that offense. To accomplish that purpose, the words "steal" and "purloin" were used instead of simply using the term "larceny" to describe the punishable offense. We therefore reject appellant's contention that the Government was required to prove that he intended to permanently deprive the owner, Soldiew, of his boat.

434

■ The district court charged the jury that to steal or purloin means any taking whereby a person, by some wrongful act, willfully obtains or retains possession of property belonging to another without the permission or beyond any permission given with the intent to deprive the owner of the benefit of ownership. We are satisfied that this instruction correctly sets forth the elements of the offense punished by § 661.

The judgment of the district court will be affirmed.

Judge Adams concurs.