**UNITED STATES of America,**

v.

**Cheryl SCHNEIDER, Appellant.**

No. 93–3182.

United States Court of Appeals,
Third Circuit.

Argued Nov. 4, 1993.

Decided Jan. 21, 1994.

Melvin L. Vatz (argued) Grossinger, Gordon & Vatz, Pittsburgh, PA, for appellant.

Thomas W. Corbett, Jr., U.S. Atty. and Michael L. Ivory (argued), Asst. U.S. Atty., Pittsburgh, PA, for appellee.

Before: SLOVITER, Chief Judge and STAPLETON, Circuit Judge, and RESTANI, Court of International Trade Judge [1].

## OPINION OF THE COURT

RESTANI, Judge.

Defendant-appellant Cheryl Schneider ("Schneider") appeals from the judgment of conviction rendered against her on January 15, 1993 following a jury trial before the United States District Court for the Western District of Pennsylvania. The question presented is whether the crime of embezzlement is described by the language of 18 U.S.C. § 661 (1988). We conclude that it is, and thus we affirm.

### I.

On November 12, 1992, a one-count indictment was issued against Schneider, charging her with theft of funds, committed within the special territorial jurisdiction of the United States under 18 U.S.C. §§ 661 and 662 (1988). At the time of the indictment, Schneider was a full-time unit administrator with the United States Army Reserve, as well as secretary-treasurer for Local 2970 of the American Federation of Government Employees ("Local 2970").[2] The funds stolen were the property of the union.

Initially, an audit for Local 2970 had been scheduled by the Department of Labor as a result of the local's failure to file two annual financial reports. During the course of the audit, the investigator determined that nine checks written to Schneider were not properly recorded in the union's disbursement journal, and eight of the nine checks lacked accompanying backup documentation.

Schneider was subsequently charged with having stolen money from the union by writing these checks payable to herself as reimbursements for undocumented expenses she allegedly incurred on behalf of the union.

Schneider's trial began on January 11, 1993, and a verdict was reached on January 15, 1993. On January 27, Schneider filed a motion for judgment of acquittal, which was denied. Schneider was sentenced on March 31, 1993 to six months of house detention and three years of probation. Schneider also was ordered to pay restitution of $1,485.00, and a special assessment of $50.00.

On appeal, Schneider asserts that the motion for judgment of acquittal was improperly denied, as the charged offense defined in 18 U.S.C. § 661 does not include the act of embezzlement of funds. Schneider also argues that the jury was instructed incorrectly on this point.

### II.

In this case, appellate jurisdiction is based on 28 U.S.C. § 1291 (1988), as the appeal is from a final judgment of a district court. An appeal from a denial of a motion for judgment of acquittal is subject to *de novo* review, where the question is one of statutory interpretation. *United States v. Tabacca*, 924 F.2d 906, 910 (9th Cir.1991). A plenary standard also applies to a review of jury instructions where their interpretation turns on a matter of statutory construction. *United States v. McGill*, 964 F.2d 222, 235 (3d Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 664, 121 L.Ed.2d 588 (1992); *United States v. Messerlian*, 832 F.2d 778, 789 (3d Cir.1987), *cert. denied*, 485 U.S. 988, 108 S.Ct. 1291, 99 L.Ed.2d 501 (1988). The charge to the jury, taken as a whole and in light of the evidence presented, must fairly and adequately submit the issues in the case to the jury. *McGill,* 964 F.2d at 235; *Messerlian,* 832 F.2d at 789.

---

1. Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

2. Schneider was employed with the Army Reserve at a unit installation in the East Liberty section of Pittsburgh, Pennsylvania. She also performed her work for the union at the same location.

## III.

■ Chapter 31 of Title 18 of the United States Code is captioned as "Embezzlement and Theft." Section 661, which is found within this chapter, provides:

[w]hoever, within the special ... territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

If the property taken is of a value exceeding $100, ... by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000, or by imprisonment not more than one year, or both.

18 U.S.C. § 661.

The district court instructed the jury on the elements of the alleged violation of § 661, in pertinent part, as follows:

Turning to the second element, the government need not prove that defendant intended to deprive the owner of the property permanently. The word steal embraces all wrongful handling of property, including embezzlement.

To embezzle means willfully or deliberately to take, or convert to one's own use, the money or property of another, possession of which the accused acquired or obtained lawfully by reason of some office, employment or position of trust which the accused held. To convert money or property to one's own use means to apply, appropriate, or use such money or property with the expectation of benefit or profit to the accused.

Appendix, at 244–45. Plaintiff argues that this instruction conflicts with the wording of the statute.

■ Where there is a dispute over the meaning of a statute, inquiry begins with the plain language of the statute itself. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The best evidence of Congress' intent is the text of the statute. *West Virginia Univ. Hosps., Inc. v. Casey,* 499 U.S. 83, 98, 111 S.Ct. 1138, 1146, 113 L.Ed.2d 68 (1991). To make a determination about the meaning of a statute, the court must look

"not only to the particular statutory language, but to the design of the statute as a whole and its object and policy." *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.,* 944 F.2d 1149, 1155 (3d Cir.1991) (quoting *Crandon v. United States,* 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990)); *see also F.T.C. v. University Health, Inc.,* 938 F.2d 1206, 1216 (11th Cir.1991) (to interpret statutory section, it is best to refer to overall statutory scheme).

■ Under the doctrine of lenity, any ambiguity concerning the ambit of criminal statutes should be resolved in favor of the defendant. *Government of V.I. v. Knight,* 989 F.2d 619, 633 (3d Cir.1993), *cert. denied,* ——— U.S. ———, 114 S.Ct. 556, 126 L.Ed.2d 457 (1993). The rule of lenity, however, "cannot dictate an implausible interpretation of the statute, nor one at odds with the generally accepted contemporary meaning of a term." *Taylor v. United States,* 495 U.S. 575, 596, 110 S.Ct. 2143, 2157, 109 L.Ed.2d 607 (1990) (citation omitted). As such, the doctrine of lenity only applies where "reasonable doubt persists about a statute's intended scope" even after review of the text, structure, legislative history, and policies behind the statute. *Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990) (citing *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980)).

The title of Chapter 31 expressly includes offenses of both theft and embezzlement. Appellant argues, however, that because embezzlement is the wrongful retention of property that is lawfully in the possession of the embezzler, it is not encompassed within the phrase "takes and carries away, with intent to steal or purloin" in 18 U.S.C. § 661. To the extent that this argument focuses on the word "takes," and implies that it requires action that is not within embezzlement, we reject it. Resorting to a dictionary, a good source for the plain meaning of words, makes clear that "to take" is not inconsistent with embezzlement. Thus, *Webster's Third New International Dictionary* 2330 (1981), defines "to take" as including not only "to get into ... one's hold or possession by a physical act

of simple transference," but also "to transfer into one's own keeping: enter into or arrange for possession ... [to] appropriate." This is not inconsistent with *Black's Law Dictionary*, which defines embezzlement as "[t]he fraudulent appropriation of property by one lawfully entrusted with its possession. To 'embezzle' means willfully to take...." *Id.* at 522 (6th ed. 1990). Thus, in ordinary meaning, one who embezzles is also one who "takes and carries away," within the meaning of § 661.

■ Further, to read § 661 as narrowly as appellant suggests would yield an anomalous result. Section 662 of the statute specifically describes the criminal conduct proscribed therein as including receipt of property that has been "feloniously taken, stolen, or embezzled." [3] In appellant's view, one who embezzles funds would not be chargeable under § 661, but the receiver of such embezzled funds could be charged for the offense defined in § 662. It is the obligation of the court to construe a statute to avoid absurd results, if alternative interpretations are available and consistent with the legislative purpose. *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575, 102 S.Ct. 3245, 3252, 73 L.Ed.2d 973 (1982); *but cf. In re Pelkowski*, 990 F.2d 737, 741 (3d Cir.1993) (in absence of clearly expressed contrary legislative intent, statutory language must be regarded as conclusive); *Lancashire Coal Co. v. Secretary of Labor, Mine Safety & Health Admin.*, 968 F.2d 388, 391 (3d Cir.1992) (where statutory language leads to anomalous result, the court will consider legislative history).

■ Appellant argues further in this case that the district court misperceived the meaning of the word "steal." This court has previously discussed the meaning of the term "steal" as employed in § 661 in *United States v. Henry*, 447 F.2d 283 (3d Cir.1971). The precise issue before the *Henry* court was whether "the intent to permanently deprive

an owner of his property" was an element of the § 661 offense. *Id.* at 284.

As appellant argues in the instant case, the appellant in *Henry* contended that "steal" should be limited to the meaning of common law larceny because decisions discussing predecessor statutes to § 661 had incorporated the formula for the common law offense, and because the phrase "with intent to steal or purloin" in § 661 was traceable to section 16 of the 1790 Crimes Act. *Id.* at 284–85. Instead, we squarely rejected *Henry's* statutory history argument, finding support in *United States v. Turley*, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), for the view that the word "steal" has no accepted common law meaning, 447 F.2d at 285, and determining that § 661 and its predecessors,

> were not codifications of the common law crime of larceny but were intended to broaden that offense. To accomplish that purpose, the words "steal" and "purloin" were used instead of simply using the term "larceny" to describe the punishable offense.

*Id.* at 285–86.

Further, we found in *Henry* that the district court had properly instructed the jury that the terms "steal or purloin" meant any taking where a person, without permission and "by some wrongful act, willfully obtains or retains possession of property belonging to another." *Id.* at 286.

A review of the sole case directly on point is consistent with the district court's rulings here. In *United States v. Armata*, 193 F.Supp. 624 (D.Mass.1961), the court reviewed the statutory history argument later explored in *Henry*, and reasoned that:

> [t]he word "steal" was not in the Eighteenth Century a word of art, nor was it a word used in the definition of larceny.... On the contrary, it is a word of the broadest generic nature, covering all forms of

**3.** An offense in violation of 18 U.S.C. § 662 is defined and is punishable as follows:
[w]hoever, within the special ... territorial jurisdiction of the United States, buys, receives, or conceals any money ... which may be the subject of larceny, which has been feloniously taken, stolen or embezzled from any

other person, knowing the same to have been so taken, stolen, or embezzled, shall be fined not more than $1,000 or imprisoned not more than three years, or both.
18 U.S.C. § 662. Both §§ 661 and 662 were most recently recodified on June 25, 1948.

wrongful handling of property, including embezzlement.

*Id.* at 626 (citing *Turley,* 352 U.S. at 410–14, 77 S.Ct. at 398–401). The district court thus held that the offense of embezzlement did fall within the purview of § 661. *Id.* at 625.

Since *Armata* and *Henry,* few courts have supplied further insight into the meaning of § 661. The Fifth Circuit, in *United States v. Beard,* 436 F.2d 1084, 1089 (5th Cir.1971), declined to follow the approach in *Armata.* Appellee argues that *Beard* is distinguishable. The defendant in *Beard* was originally indicted for embezzlement under different statutes, namely 18 U.S.C. § 13 (the Assimilative Crimes Act) and the Texas Penal Code. *Beard,* 436 F.2d at 1085. The government belatedly realized that the defendant could not be prosecuted under Texas law, and asserted that the embezzlement charged came under § 661, though no formal amendment to the indictment had been made. *Id.* at 1087. The *Beard* court instead elected to adopt the view that Congress contemplated two different crimes, stealing and embezzlement, when the original statute was enacted, and that defendant could not be prosecuted under 18 U.S.C. § 661. *Id.* at 1089. To the extent that *Beard* is not distinguishable from the case at hand, we decline to follow it.

More recently than *Beard,* the Ninth Circuit has reinforced the *Henry* court's interpretation of 18 U.S.C. § 661, in *United States v. Maloney,* 607 F.2d 222 (9th Cir. 1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1280, 63 L.Ed.2d 603 (1980). The Ninth Circuit interpreted the statutory terms at issue as "not enacted with the definitional refinements of the particular crime of larceny in mind, but rather with an intent to broaden the offense." *Id.* at 231; *see also Henry,* 447 F.2d at 285–86 (finding that prior statutes were not codifications of common law crime of larceny but were intended to broaden that offense). The court found further that,

> [i]n the context of dealing with embezzlement and theft crimes . . ., we can see no reason why Congress would have intended only to prohibit a specific form of theft, and then solely in terms of its common law definition, when other variations of the of-

fense would not otherwise be covered by federal or state law.

*Maloney,* 607 F.2d at 231.

 The duty of the district court in charging the jury is "satisfied by a clear articulation of the relevant legal criteria." *United States v. Goldblatt,* 813 F.2d 619, 623 (3d Cir.1987). As the district court's instructions were in conformity with the relevant principles of law contained in *Henry,* 447 F.2d at 284–86, and *Armata,* 193 F.Supp. at 626, the district court did not err in instructing the jury as to the elements of the crimes chargeable under 18 U.S.C. § 661, or in its denial of the motion for judgment of acquittal.

## IV.

For the foregoing reasons, the judgment of the district court will be affirmed.