

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2002

# USA v. Black

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Black" (2002). *2002 Decisions.* Paper 298.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/298

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2247


UNITED STATES OF AMERICA

v.

LESLIE ANN BLACK,

Appellant


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00013)
District Judge: Honorable D. Brooks Smith


Submitted Under Third Circuit LAR 34.1(a)
February 28, 2002

Before: ROTH and FUENTES, Circuit Judges
KATZ*, District Judge

( Opinion filed May 24, 2002)



* Honorable Marvin Katz, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.



-OPINION -

ROTH, Circuit Judge:

Appellant Leslie Ann Black appeals a final judgment of conviction from the
United States District Court for the Western District of Pennsylvania. Black was found
guilty of using the United States mail with intent to commit murder for hire, pursuant to
18 U.S.C. 1958(a). She was sentenced to five years imprisonment. Black raises two
issues for appeal: (1) that the evidence was insufficient to prove an essential element of
the offense, the mailing of money as charged was "in consideration for" a murder-for-
hire; and (2) that the District Court erred in finding that cocaine is a "thing of pecuniary
value" under the murder-for-hire statute, 18 U.S.C. 1958.
We have appellant jurisdiction pursuant to 28 U.S.C. 1291. We exercise plenary
review over sufficiency of evidence issues after a jury trial and questions of statutory
construction. United States v. Schneider, 14 F. 3d 876, 878 (3d Cir. 1994); United States
v. Thayer, 201 F. 3d 214, 219 (3d Cir. 1999), cert. denied, 530 U.S. 1244 (2000) and
United States v. Hayden, 64 F. 3d 126, 128 (3d Cir. 1995).
The facts of this case are familiar to the parties so we will not repeat them.
Under the statutory language at issue here, 18 U.S.C. 1958(a), there are three
basic elements of the offense: (1) interstate travel or use of the mail or an interstate

facility; (2) with the intent that a murder be committed; and (3) that it be committed as consideration for the receipt of or a promise to pay anything of pecuniary value. United States v. Hernandez , 141 F. 3d 1042, 1046 (11th Cir. 1998) (quoting 18 U.S.C.  1958).

The indictment charges Black as follows:

> On or about October 4, 1999, in the Western District of Pennsylvania, the defendant, LESLIE ANN BLACK, used or caused to be used the United States mail with the intent that the murder of an individual known to the grand jury be committed in the Commonwealth of Virginia and in violation of the laws of the Commonwealth of Virginia as consideration for the receipt of, and in consideration for a promise and agreement to pay, things of pecuniary value, to wit:  an undetermined amount of United States currency and a quantity of cocaine.

Criminal Number 99-13J, Count II.

Black contends first that the $100 that she mailed to the hit man was for expenses and was not consideration for committing the murder.  She argues that because the $100 mailing was not consideration for the murder, the first and third elements of the offense were not met.

The District Court instructed the jury that the first element was based upon the use of the mail, i.e., to send the $100 expense money.  Thus, that element of the offense was met; the money sent by mail did not need to be the consideration for committing the murder..  As for the amount of consideration, its exact amount need not have been set when the mailing was made.  Cf.  United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir. 1990) (holding that "the statute gives no indication that the contract must be in existence and that the consideration must have been provided at the time of the travel.").

Second, Black contends that the consideration element was presented to the jury on alternative theories, money or cocaine, and that one theory was invalid:  cocaine is not covered by the statutory definition of consideration and thus cannot be deemed "a thing of pecuniary value" as required by 18 U.S.C.  1958.

The murder-for-hire statute states:

> 'anything of pecuniary value' means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

18 U.S.C.  1958(b)(1).  We conclude that the language of the statute is broad enough to include cocaine.  Cocaine qualifies as "anything else the primary significance of which is economic advantage" because it is something that is bought and sold.

For the above reasons, we conclude that the evidence is sufficient to sustain the conviction.  We will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,


/s/ Jane R. Roth
                Circuit Judge