UNITED STATES of America,

v.

Mary INGRAM, Appellant.

No. 99–5801.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Dec. 19, 2002.

Decided Jan. 3, 2003.

Before: NYGAARD, ALITO, and
RENDELL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Mary Ingram appeals her conviction and sentencing on several grounds. She alleges insufficiency of the evidence as to her convictions for conspiracy to defraud the United States and to commit substantive offenses against the United States, 18 U.S.C. § 371, wire fraud, 18 U.S.C. § 1343, money laundering, 18 U.S.C. § 1957, and tax evasion, 26 U.S.C. § 7201. She also alleges (1) constructive amendment of the indictment as to the wire fraud conviction and (2) error in the jury instructions as to the element of willfulness in regard to her conviction under 26 U.S.C. § 7201. Finally, she alleges that the District Court erred by refusing to grant a two-level minor role reduction under U.S.S.G. § 3B1.2. We affirm the judgment of the District Court.

When reviewing the sufficiency of the evidence to sustain a conviction, we must determine whether any rational jury could have concluded that the essential elements of the offense were present beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. *See United States v. Veksler,* 62 F.3d 544, 551 (3d Cir.1995). The defendant alleges insufficiency of the evidence in two regards. First, the defendant alleges that the government failed to prove that Petro-

Plus was the relevant taxpayer. Contrary to the defendant's assertion that insufficiency of proof as to this fact would be fatal as to each of the counts of conviction, we find that proof of this fact affects only her convictions for willfully attempting, 26 U.S.C. § 7201, and conspiring, 18 U.S.C. § 371, to evade federal taxes. In an appeal brought by one of Ingram's codefendants, Enright, this Court rejected an identical claim, finding that the record showed that the government had provided overwhelming evidence at trial that PetroPlus was the relevant taxpayer. *See United States v. Enright*, 46 Fed.Appx. 66, 68 (3d Cir.2002). We agree, as the record before us supports that conclusion. The defendant next alleges that the evidence was insufficient to establish that she acted knowingly in her participation either in the conspiracy to evade a federal tax or in the related offense of wilfully attempting tax evasion. After thoroughly reviewing the record, we hold that the evidence was sufficient to support the jury's verdicts on each of these charges.

■ The defendant also contends that removal of the word "PetroPlus" from the superseding indictment constituted a constructive amendment and was therefore a per se violation of the Grand Jury Clause of the Fifth Amendment. *See United States v. Somers*, 496 F.2d 723, 743 (3d Cir.1974). Constructive amendment occurs when the presentation of evidence and jury instructions modify essential terms of the charged offense in such a way that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the original indictment. *See United States v. Bryan*, 483 F.2d 88, 96–97 (3d Cir.1973). As the variance alleged by the defendant did not modify essential charging terms of the indictment, there was no constructive amendment here. The wire fraud statute

punishes a participant in a scheme to defraud in which the participant acted with specific intent to defraud and used wire communications in furtherance of the fraudulent scheme. *See* 18 U.S.C. § 1343. Wire fraud is a crime "distinct from [its] underlying predicate acts and purposes and involve[s] additional harms." *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir.1991). The identity of the victim or co-perpetrators is not an essential element of the crime. *See United States v. Trapilo*, 130 F.3d 547, 552 (2d Cir.1997). As the names of specific relevant victims or co-perpetrators are mere surplusage, we hold that the removal of the name PetroPlus from the indictment did not constitute a constructive amendment.

■ In regard to the alleged error in the jury instructions, we review the instructions as a whole, and in light of the evidence presented, determine whether the jury instructions fairly and adequately submitted the issues in the case to the jury. *See United States v. Schneider*, 14 F.3d 876, 878 (3d Cir.1994). In order to establish a violation of 26 U.S.C. § 7201, the government must prove that the defendant acted willfully. *See United States v. Voigt*, 89 F.3d 1050, 1089 (3d Cir.1996). Voluntary and intentional violation of a known duty constitutes "willfulness" for purposes of 26 U.S.C. § 7201, *see United States v. Moses*, 148 F.3d 277, 283 (3d Cir.1998), and the District Court instructed the jury accordingly. The defendant alleges error in the District Court's instruction that "it is not required that you[, the jury,] find a particular defendant knew who was the proper taxpayer," claiming that the instruction caused the element of wilfulness to be improperly submitted to the jury. This Court previously considered this alleged error in an appeal brought by one of Ingram's coconspirators, Enright, and determined that the jury in-

structions as a whole were acceptable. *United States v. Enright,* 46 Fed.Appx. 66, 70 (3d Cir.2002). In Enright's appeal, we stated that "the government did not need to prove that Enright (or any of his coconspirators) knew the identity of the taxpayer in order to establish willfulness. The belief that someone other than PetroPlus owed the taxes did not constitute a defense to the crimes charged in the superseding indictment." *Id.* We agree. As the evasion statute, 26 U.S.C. § 7201, prohibits a willful evasion of "any tax" by "any person," including the tax of another, committed in "any manner," *see United States v. Townsend,* 31 F.3d 262, 267 (5th Cir.1994), the government need not allege or prove that the defendant knew the identity of the relevant taxpayer in order to sustain a conviction for willful tax evasion. We therefore reject the Defendant's request for reversal of her conviction under 26 U.S.C. § 7201.

Finally, the defendant alleges that the District Court erred by declining to grant her request for a downward adjustment under U.S.S.G. § 3B1.2. We exercise plenary review over the District Court's application of the sentencing guidelines. *See United States v. Brown,* 250 F.3d 811, 818 (3d Cir.2001). We will only disturb the District Court's determination as to the degree of the defendant's participation, a factual matter, where the District Court's conclusion was clearly erroneous. *See United States v. Perez,* 280 F.3d 318, 351 (3d Cir.2002). A defendant requesting a downward adjustment under U.S.S.G. § 3B1.2 must establish by a preponderance of the evidence that she played only a minor or minimal role in the offense committed. *See United States v. Holman,* 168 F.3d 655, 660 (3d Cir.1999). While the guidelines provide limited guidance as to how a District Court should determine whether a particular defendant played a minor role, we have recommended several

factors for consideration. These factors include the: (1) nature of the defendant's relationship to the other participants, (2) importance of the defendant's actions to the success of the venture, and (3) defendant's awareness of the nature and scope of the criminal enterprise. *See United States v. Headley,* 923 F.2d 1079, 1084 (3d Cir.1991). The District Court did not recite the exact language of *Headley* but engaged in an equivalent analysis, concluding that the defendant was not a minor participant. Having reviewed the record, we conclude that the District Court's refusal to downward depart was not clearly erroneous, and we affirm.

Based on the foregoing, we affirm the judgment of the District Court.