RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0146p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 03-2493

JOHN ALLEN JACKSON,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 03-00198—Richard A. Enslen, District Judge.

Argued: December 1, 2004

Decided and Filed: March 24, 2005

Before: NORRIS and COOK, Circuit Judges; BECKWITH, Chief District Judge.[*]

_____

**COUNSEL**

_____

**ARGUED:** Paul L. Nelson, FEDERAL PUBLIC DEFENDERS OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDERS OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

BECKWITH, Chief District Judge. Defendant-Appellant John Allen Jackson appeals a two-level enhancement in his offense level, imposed at his sentencing under U.S.S.G. §2K2.1(b)(4).

_____

[*]The Honorable Sandra S. Beckwith, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

1

I.       Background.

Jackson was charged with, and pled guilty to, being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). At sentencing, Jackson objected to the assessment of a two-level enhancement in his offense level under the United States Sentencing Guidelines Section 2K2.1(b)(4). That Section strictly enhances a sentence for possession of a "stolen" firearm. The enhancement applies "whether or not the defendant knew or had reason to believe that the firearm was stolen. . . ." Application Note 19 to Section 2K2.1. When Jackson was apprehended, he had a gun in his car that belonged to his father and that Jackson had taken without permission. Jackson claimed he had not "stolen" the gun, but had taken it with the intent to commit suicide. Jackson assumed the gun would eventually be returned to his father, and thus it was not "stolen."

The district court rejected Jackson's argument, noting that whether or not Jackson intended to permanently deprive his father of his ownership of the gun was irrelevant to the imposition of the Guideline enhancement, as the gun was intentionally taken without its owner's permission. Jackson was sentenced to 108 months.

II.      Standard of Review.

The court reviews a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Corrado*, 304 F.3d 593, 607 (6th Cir. 2002).

III.     Analysis.

Jackson contends that the word "stolen" as used in the Guidelines should be interpreted to be synonymous with common law larceny, a felonious taking with the intent to permanently deprive the owner of his property. Under Michigan law, permanent deprivation is an element of the crime of larceny or theft. See, e.g., *People v. Goodchild*, 68 Mich. App. 226, 232 (1976). Jackson argues that since he had no intent to permanently keep the gun, the Guidelines enhancement should not have been applied. He also argues that the word "stolen" is ambiguous, and asks that the rule of lenity be applied to construe the purported ambiguity in his favor.

Initially, we reject Jackson's suggestion that Michigan law should determine the meaning of "stolen" used in the Guidelines. "In the absence of a plain indication to the contrary, . . . Congress, when it enacts a statute, is not making the application of the federal act dependent on state law." *Jerome v. United States*, 318 U.S. 101, 104 (1943). This Court has applied this presumption to construction of terms in the Guidelines. See *United States v. Jones*, 107 F.3d 1147, 1163 (6th Cir.), *cert. denied*, 521 U.S. 1127 (1997). So have our sister circuits. See, e.g., *United States v. Campbell*, 167 F.3d 94, 98 (2d Cir. 1999) [question of whether a "vacated conviction" remains a conviction for purposes of the Guidelines is a question of federal law]; *United States v. Brown*, 314 F.3d 1216 (10th Cir.), *cert. denied* 537 U.S. 1223 (2003) [federal law must apply to determine if jail escape is a "continuing" offense]; and, *United States v. Reed*, 94 F.3d 341, 344 (7th Cir. 1996) [meaning of "revocation of probation" must be determined under federal law].

A paramount policy of the Guidelines is the promotion of "reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders." U.S.S.G. ch. 1, pt. A, §3 (2002). The objective of uniformity is ill-served if Jackson could avoid the "stolen gun" enhancement, when a similarly-situated offender in a different state could not. Moreover, nothing in the Guidelines suggests an intent to incorporate state law variations in applying Section 2K2.1(b)(4).

Thus we look to federal law to discern the meaning of "stolen." The Guidelines do not define the word. In *United States v. Turley*, 352 U.S. 407, 412-413 (1957), the Supreme Court noted that "steal" (or "stolen") has no accepted common law definition: "Furthermore, 'stolen' and 'steal'

have been used in federal criminal statutes, and the courts interpreting those words have declared that they do not have a necessary common-law meaning coterminous with larceny and exclusive of other theft crimes. Freed from a common-law meaning, we should give 'stolen' the meaning consistent with the context in which it appears." The Court held that "stolen" as used in 18 U.S.C. §2312 was not coterminous with the crime of common law larceny.

Other federal criminal statutes using the word "stolen" have been similarly interpreted. In *United States v. Handler*, 142 F.2d 351 (2nd Cir. 1944), the Second Circuit held that "steal" as used in National Stolen Property Act, 18 U.S.C. §2314, was not synonymous with common law larceny. The Court concluded that "the statute is applicable to any taking whereby a person dishonestly obtains goods or securities belonging to another with the intent to deprive the owner of the rights and benefits of ownership." *Id.* at 353. In *Bell v. United States*, 462 U.S. 356 (1983), the Court held that 18 U.S.C. §2113(b) ["Whoever takes and carries away, with intent to steal or purloin, any property or money . . . of any bank . . ."] is not limited to common law larceny, but reflects Congressional intent to broaden the types of offenses covered by the statute. The Third Circuit reached the same conclusion about 18 U.S.C. §661, which uses the same language as §2113(b); see, *United States v. Henry*, 447 F.2d 283, 284 (3rd Cir. 1971). And in *United States v. Howey*, 427 F.2d 1017 (9th Cir. 1970), addressing 18 U.S.C. §641, the Ninth Circuit observed that Congress intended to codify not only common law larceny and embezzlement, but also other acts "which shade into those common law offenses, yet fail to fit precisely within their definitions." *Id.* at 1018. These other wrongful acts include "to steal" and "to purloin." And in *United States v. Cruz-Santiago*, 12 F.3d 1, 3 (1st Cir. 1993), addressing U.S.S.G. Section 2B3.1, the First Circuit noted that the Guidelines focus on whether the offender's behavior created a significant **risk** of loss, not on whether the property owner actually suffered the permanent loss of his property.

These results mirror the Oxford English Dictionary's definition of "steal," as "To take dishonestly or secretly." None of these formulations suggest that a permanent deprivation is required in order to conclude that property is "stolen."

One other appellate court addressed the precise question before us, and rejected the same argument Jackson presents here. In *United States v. Herrman*, 1996 U.S. App. LEXIS 27842, at *4 (10th Cir. Oct. 28, 1996), a panel of the Tenth Circuit held in an unpublished opinion that a defendant's intent to "permanently deprive" is not required in order for a firearm to be "stolen" for purposes of U.S.S.G. §2K2.1. We agree.

Jackson also asks us to apply the rule of lenity, and construe "stolen" to require a finding that a defendant intend to permanently deprive the owner of his property. The rule of lenity applies when a statutory term is ambiguous and cannot be clarified by the statute's history or structure. See *United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001). Because we find that "stolen" is not ambiguous, we decline to apply the rule of lenity here.

Though we conclude that the district court's interpretation of "stolen" was correct, we nonetheless vacate Jackson's sentence in light of *United States v. Booker*, 125 S.Ct. 738 (2005). After *Booker*, where a defendant did not raise a Sixth-Amendment challenge to a sentence enhancement at the district court, we review for plain error. *United States v. Oliver*, __ F.3d __, 2005 WL 233779, *6 (6th Cir. 2005). To warrant correction under plain-error review, an error must be plain, affect substantial rights, and substantially affect the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466 (1997). A sentence enhancement in violation of the Sixth Amendment is an error that is plain. *Oliver*, 2005 WL 233779, at *7. Here, the error affected substantial rights, because the judge, though sentencing Jackson to the middle of the Guidelines range, stated that the Guidelines were a failure and that he could not depart from them even if he wanted to. Thus we may infer the district court may have otherwise imposed a different sentence had it not considered the Guidelines mandatory. Further,

the unconstitutional judicial fact-finding supporting this enhancement violated the fairness, integrity, and public reputation of judicial proceedings. *See id.* at *8. Therefore, we remand this case to permit the district court to resentence Jackson in a manner consistent with *Booker*.