**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0042n.06
Filed: January 17, 2006

**No. 04-2342**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL FROM THE** |
| *Plaintiff-Appellee*, | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| v. | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| OSHEA PIERALL WARD, | ) | **OPINION** |
| | ) | |
| *Defendant-Appellant*. | ) | |

**BEFORE: GILMAN and COOK, Circuit Judges; MILLS, District Judge.[*]**

**RICHARD MILLS, District Judge.**

Following a jury trial, Defendant-Appellant Oshea Pierall Ward was convicted

on all three counts contained in the Indictment: (1) felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute

marijuana, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The

district court sentenced Ward to thirty-seven months each on Counts One and Two,

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

to be served concurrently, and ninety months on Count Three, to be served consecutively to Counts One and Two. Ward appeals his conviction and sentence.

Ward raises three issues on appeal. First, he contends that the district court erred in granting the Government's motion for the introduction of certain evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. Next, Ward asserts that the district court plainly erred in failing to instruct the jury that if it returned a guilty verdict on the gun charge, it was required to specify which category of weapons it unanimously has found Ward was using or carrying. Finally, Ward claims that the district court erred in enhancing his sentence by sixty months when the type of firearm involved was neither admitted by him nor charged in the Indictment and proved to a jury beyond a reasonable doubt.

## I. BACKGROUND

On November 18, 2003, a search warrant was executed at a home located at 11136 Corbett in Detroit, Michigan. After announcing the presence and purpose of the police, Sergeant Rodger Johnson, the officer in charge, saw three men running from a table in the dining room to the rear of the location. The officers pried the door open to enter the residence. Upon entering the house, Sergeant Johnson observed weapons and a large quantity of marijuana at the table where the men had been sitting. Two of the men, Marco High and Aaron Nelson, were caught as they tried to escape

2

through a side door. Ward was found lying beneath the basement stairs and was taken into custody.

After the house was secured, the law enforcement officers searched the location. Officer Green confiscated three large freezer bags containing marijuana, drug paraphernalia and empty ziploc bags from the dining room table where the three men had been sitting. Officer Marshall confiscated an SKS assault rifle and a revolver from that same dining room table. Officer Wheeler recovered a revolver underneath a sweater on a different table in the dining room.

Prior to trial, Ward opposed the Government's motion for the introduction of his prior conviction for attempt to deliver marijuana, which stemmed from a search warrant that was issued and executed at 11012 Nottingham on January 9, 2002. Counsel for Ward argued that the Government's purpose in attempting to use the prior conviction[1] was not to show intent to distribute and common scheme or plan, but to show bad character or Ward's propensity to distribute narcotics, which he alleged would be very prejudicial.

The district court granted the Government's motion for the introduction of the Rule 404(b) evidence. The Government presented the testimony of Officer Jason

---

[1]In the previous case, Ward pled guilty to attempted delivery/manufacture of 5 to 45 kilograms of marijuana.

Kleinsorge, who participated in the 2002 search. Officer Kleinsorge stated that he entered the residence and observed Ward sitting at a table with several bags of marijuana in front of him. Officer Kleinsorge also found a nine millimeter automatic handgun underneath the couch in the living room of the house in which Ward was arrested. Officer Delshawn King also assisted in the search of the residence on Nottingham. Ward directed Officer King to a large quantity of marijuana in an upstairs bedroom closet.

After the presentation of the evidence, the district court instructed the jury that Ward was not charged in Count One or in Count Three with possessing any particular firearm and that if the Government proved that "[Ward] was in possession of one or two, or perhaps even all three of these firearms, and . . . if [Ward is] in possession of only one of the firearms, which one it does not make any difference." The district court further instructed the jury that one of the elements of the offense of possessing a firearm in the furtherance of a drug trafficking crime is that "during and in the furtherance of that crime the defendant knowingly possessed a firearm." The district court stated that the Government is required to prove beyond a reasonable doubt "that a firearm was in the defendant's possession or under the defendant's control at the time that a drug-trafficking crime was committed." The jury found Ward guilty of possession of a firearm in the furtherance of a drug trafficking crime, in addition to

4

the other two counts.

Ward was sentenced on October 19, 2004. This was after the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), but before it decided *United States v. Booker*, 543 U.S. 220 (2005). Because of uncertainty at the time as to the fate of the U.S. Sentencing Guidelines, the district court sentenced Ward to three alternative sentences. The court provided, however, that "the actual judgment of sentence is going to be 127 months." This reflected the ninety month sentence on Count Three,[2] to be served consecutively to the concurrent thirty-seven month sentences on Counts One and Two.[3]

## II. STANDARD OF REVIEW

This Court reviews for abuse of discretion a district court's decision to admit "other acts" evidence under Rule 404(b). *United States v. Jenkins*, 345 F.3d 928, 936 (6th Cir. 2003). Because trial counsel did not object to the district court's instruction to the jury for the lack of specificity as to what type of weapon was possessed by Ward in the furtherance of a drug trafficking crime, this Court reviews that claim for

---

[2]The mandatory minimum sentence of 120 months on the 18 U.S.C. § 924(c) charge was reduced by thirty months, pursuant to the Government's motion under U.S.S.G. § 5K1.1, in light of Ward's substantial assistance in an unrelated case.

[3]The district court imposed alternative sentences of eighty-seven months imprisonment and seventy months imprisonment. These sentences were based on a guideline range of 97-106 and a downward departure motion under § 5K1.1.

plain error only. *United States v. Sassanelli*, 118 F.3d 495, 499 (6th Cir. 1997). We review *de novo* a district court's interpretation of the Sentencing Guidelines. *United States v. Jackson*, 401 F.3d 747, 748 (6th Cir. 2005).

## III. ANALYSIS

### A. Rule 404(b) Evidence

Ward contends that the district court erred in granting the Government's motion to introduce his prior conviction. Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). In determining the admissibility of Rule 404(b) evidence, the district court assesses whether the prior act occurred, whether the act is probative of a material issue other than character, and whether the act's probative value is substantially outweighed by its prejudicial effect. *Jenkins*, 345 F.3d at 937; *see also* Fed. R. Evid. 403.

The district court noted that the conduct underlying Ward's conviction in 2002 involved facts that are similar to those in this case. The court stated, "The past

6

conduct of Defendant, his close proximity to packaged drugs, and his admitted attempt to distribute marijuana, is probative of his intent in this case." The district court proceeded to conclude that the probative value of the prior act evidence was not substantially outweighed by its potential prejudicial effect.

Ward asserts that his prior conviction in 2002 for attempt to deliver marijuana was introduced to prove his propensity to distribute narcotics, and not to show intent and/or common scheme or plan. Ward notes that he had no criminal history prior to 2002. Moreover, the factual scenarios surrounding both events differ and do not show that Ward had any intent to distribute marijuana. Ward contends that the only similarity between the two cases is that both involved the discovery of drugs on a table with packaging material, which should not have been sufficient for purposes of admitting the prior act. Ward also alleges that there are key differences between the two cases. Regarding the 2002 conviction, Ward was in his girlfriend's home alone. As for this case, Ward was arrested in his uncle's house with two other people present. Ward also asserts that because of the time span of nearly two years between the incidents, it would be unfairly prejudicial to allow evidence of the facts underlying the 2002 conviction.

Ward also asserts that the district court erred in allowing evidence that a handgun was found underneath a couch in the living room of the house located on

7

Nottingham. Because he was not convicted of any firearm crime relating to the 2002 incident and because there was no indication that he possessed the handgun, Ward contends that the district court erred in allowing testimony regarding the recovery of a handgun at the Nottingham residence.

The Government asserts that evidence regarding Ward's prior drug crime was probative of a material issue in this case, specifically his intent to possess with intent to distribute narcotics. In the present case when Ward was arrested, he was seen sitting at a table with two guns, three large freezer bags of marijuana, one ziploc bag containing loose marijuana, one ziploc bag containing seven knotted bags of marijuana and one ziploc bag containing sixteen knotted bags of marijuana. The Government notes that during the execution of the search warrant in the 2002 case, Ward was found sitting at a table with two plastic bags containing marijuana and one plastic bag containing cocaine. Moreover, twenty ziploc bags of marijuana (weighing over eighteen pounds) were found in a bedroom closet. The Government alleges that it also presented testimony regarding a firearm that was discovered underneath the couch so that the jury could have a complete history of what occurred during the raid.

The Government further asserts that it argued, and the district court emphasized with a limiting instruction, that the prior activity could not be used to demonstrate that Ward was acting in conformity with his character by dealing drugs. Rather, the past

8

conduct was merely introduced to assist the jury in determining Ward's intent on November 9, 2003.

When the crime is possession with intent to distribute, the Government may use Rule 404(b) evidence to prove the statutory element of specific intent, thereby making intent a material issue. *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002). The fact that the prior act took place more than two years before the charged conduct in this case does not render the evidence unduly prejudicial. *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) (allowing evidence of prior bad acts despite the fact that those events occurred between two and four years before the charged conduct). Moreover, to the extent that Ward claimed innocent association at trial, such a defense opens the door to Rule 404(b) being presented. *United States v. Lattner*, 385 F.3d 947, 957 (6th Cir. 2004).

As for the testimony regarding the firearm that was found in the 2002 search at the Nottingham residence, the Government contends that it was introduced so that the jury could have a complete history of what occurred during the search. This Court has noted that guns can be fairly viewed as a tool of the drug trade. *Jennings v. Rees*, 800 F.2d 72, 75 (6th Cir. 1986) (noting that a "loaded handgun may fairly be viewed as a tool of the drug trafficker's trade").

We are unable to conclude that the district court erred in determining that the

prior act evidence was probative of Ward's intent to distribute drugs on November 9, 2003. There is no allegation that the district court's limiting instruction was inadequate. Given the district court's limiting instruction that the prior activity could not be used to demonstrate that Ward was acting in conformity with his character, we conclude that the district court did not abuse its discretion in balancing the prejudicial and probative value of this evidence.

**B. Instruction as to Type of Weapon**

Ward contends that the district court plainly erred when it instructed the jury on Count Three, possession of a firearm in furtherance of a drug trafficking crime, and did not instruct the jury to find which weapon or weapons Ward possessed. The Indictment lists three weapons: one Norinko SKS rifle, one Rossi .357 revolver, and one Colt .22. Two of the weapons, the Rossi .357 revolver and Colt .22, carry a penalty of five years; the Norinko SKS rifle carries a penalty of ten years. 18 U.S.C. § 924(c). Ward notes that the jury was not given a specific instruction or interrogatory to determine his guilt or innocence as to possessing the Norinko SKS rifle, as opposed to the other firearms listed in the Indictment.

Ward asserts this Court has held that if the Indictment includes one substantive drug trafficking offense and separate counts under § 924(c) for weapons that fall into more than one weapons category as defined by the statute, special interrogatories or

10

verdict forms should be submitted, thereby requiring a jury that renders a guilty verdict on the gun charge to specify which category or categories of weapons it unanimously has determined the defendant was using or carrying. *United States v. Sims*, 975 F.2d 1225, 1235 (6th Cir. 1992). Ward also notes that this Court recently held that the mandatory minimum of § 924(c) "is not binding on a sentencing court unless the type of firearm involved is charged in the indictment and proved to a jury beyond a reasonable doubt." *United States v. Harris*, 397 F.3d 404, 406 (6th Cir. 2005). Accordingly, Ward contends that the district court erred when instructing the jury that it did not have to decide which particular firearm he possessed and his conviction should therefore be overturned.

The Government notes first that because Ward did not object to the jury instructions that produced a general verdict at trial, he consented to the instructions. Therefore, we review his claim for plain error only. *United States v. Olano*, 507 U.S. 725, 731 (1993). Plain error review involves finding an error that is plain and that affects a defendant's substantial rights. This Court should reverse only if the forfeited error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732 (internal quotation marks omitted).

The Government also alleges that Ward's reliance on *Harris* is misplaced and that the holding does not require the Court to abandon the sentence. Specifically, the

11

semi-automatic weapon was charged in the Indictment, albeit along with two other firearms. Accordingly, the Government contends that the district court is entitled to find that no reasonable juror could have concluded that Ward did not jointly and constructively possess the semi-automatic assault rifle, thereby concluding that the ten-year mandatory minimum is appropriate.

The evidence in this case was overwhelming that Ward possessed narcotics and firearms at the time of his arrest. He was sitting at a table with marijuana and two guns, including the semi-automatic assault rifle, in front of him. We conclude that because no rational jury could have determined that Ward possessed one of those guns but not the other, any error regarding the jury instruction cannot be said to affect the fairness, integrity or public reputation of judicial proceedings. Accordingly, Ward is unable to establish that the district court committed plain error in failing to require a special verdict form or giving a weapon-specific jury instruction.

**C. Enhancement of Ward's Sentence**

Ward contends that the district court improperly increased his sentence by sixty months based upon the erroneous guilty verdict on Count Three, for possession of a firearm in the furtherance of a drug trafficking crime. This is because the jury did not specify which category or categories of weapons it determined that Ward was using or carrying. Ward contends, therefore, that because the sixty-month enhancement was

12

not a fact admitted by him or proved to a jury beyond a reasonable doubt, the sentence violated the rule in *United States v. Booker*, 543 U.S. 220 (2005). Based on the Supreme Court's decision in *Booker* and this Court's decision in *Harris*, 397 F.3d at 412-13, Ward argues that the sixty-month enhancement for possessing a semi-automatic assault weapon pursuant to 18 U.S.C. § 924(c) cannot be imposed.

Ward also notes that pursuant to *Booker*, the Sentencing Guidelines are now advisory, thereby requiring the sentencing court to consider Guideline ranges, but permitting that court to tailor the sentence in light of other statutory concerns. One of the alternative sentences given by the district court was seventy months' imprisonment, based on a range of 97-106 months and a downward departure under U.S.S.G. § 5K1.1. According to the district court, this sentence assumes "that there is no enhancement for the semi-automatic assault rifle." Ward asks that in the event his convictions are not reversed and the case is not remanded for retrial, the case be remanded to the district court for re-sentencing to a term of seventy months' imprisonment.

The Government asserts that in light of the Supreme Court's decision in *Booker*, and the district court's pronouncement of multiple alternative sentences, this case should be remanded to the district court for re-sentencing. Because it alleges that the evidence of Ward's possession of a semi-automatic assault weapon was

13

overwhelming, the Government further contends that at the re-sentencing hearing, the district court should be permitted to impose a ten-year statutory sentence in connection with Ward's § 924(c) conviction.

We conclude that the district court committed plain error in sentencing Ward. The sentence in this case was "imposed under a framework that has now been substantially altered by *Booker*'s severing and excising of 18 U.S.C. § 3553(b)(1), the provision that made the Guidelines mandatory." *United States v. Barnett*, 398 F.3d 516, 530 (6th Cir. 2005). The district court must be afforded the opportunity to sentence Ward "under a regime in which the guidelines are treated as advisory." *Id*. Because it is unclear as to what sentence the district court would have imposed under an advisory guidelines system, we will vacate Ward's sentence and remand for re-sentencing.

In light of the overwhelming evidence that Ward possessed the semi-automatic assault weapon, we agree with the Government's contention that the district court should be permitted on remand to impose the ten-year statutory sentence in connection with Ward's § 924(c) conviction. However, we are not instructing the district court to impose such a sentence.

## IV. CONCLUSION

For the reasons stated herein we **AFFIRM** Ward's convictions, but **VACATE**

14

Ward's sentence and **REMAND** for re-sentencing pursuant to *Booker* and its progeny.