**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  06a0298n.06**
**Filed:  May 1, 2006**

**No. 05-2086**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN ALLEN JACKSON, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**Before:  GIBBONS and COOK, Circuit Judges; SCHWARZER, Senior District Judge.**[*]

**JULIA SMITH GIBBONS, Circuit Judge.**  In 2003, defendant-appellant John Allen Jackson was convicted of being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 108 months.  Jackson appealed, and a panel of this court upheld the district court's application of the sentencing guidelines but vacated the sentence and remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Jackson*, 401 F.3d 747, 750 (6th Cir. 2005).

On remand, the district court recalculated the applicable guidelines range to be 92 to 115 months, based on a total offense level of 23 and a criminal history category of VI.  The court then

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1

reimposed the 108 month sentence.  As this sentence is within the advisory guidelines range, it is credited with a rebuttable presumption of reasonableness.  *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

Jackson contends that the presumption is overcome in this case because the court did not duly "consider" the sentencing factors listed in 18 U.S.C. § 3553(a).  *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).  This argument is meritless.  In imposing the sentence, the court engaged in a full consideration of the § 3553(a) factors and went into great detail on the criminal history factor, which it deemed to be the most important.  The court also took into account Jackson's history of substance abuse, despite his arguments to the contrary.  The duty of a sentencing court is not to engage in a "ritual incantation" of the § 3553(a) factors, *see Williams*, 436 F.3d at 708-09, but rather to clearly articulate its reasons for choosing the sentence imposed, *see United States v. Michael E. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005).  The court in this case satisfied this requirement in imposing Jackson's sentence.

For these reasons, the sentence is affirmed.