NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0200n.06

No. 15-1884

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 08, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| XAVIER VELVIE MCCARTY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GUY, BOGGS, and COOK, Circuit Judges.

PER CURIAM. Xavier Velvie McCarty appeals the sentence imposed after he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and theft of firearms from a licensed dealer, in violation of 18 U.S.C. § 924(m). The charges arose from an incident in which McCarty broke into a building occupied by a licensed firearms dealer, smashed a glass display case, and moved numerous firearms from the case into a duffel bag. Police arrived at the building during these acts, McCarty abandoned the duffel bag, and fled through a window. He was captured nearby.

Pursuant to a plea agreement, McCarty pleaded guilty to the felon-in-possession charge. The district court determined that McCarty's total offense level was 23, which included a two-level increase under USSG § 2K2.1(b)(4)(A) because the firearms were stolen. Based on his

total offense level of 23 and criminal history category of IV, McCarty's guidelines range of imprisonment was 70 to 87 months. The district court sentenced him to 70 months in prison.

On appeal, McCarty argues that the district court erred by applying the two-level enhancement under § 2K2.1(b)(4)(A). He contends that the firearms in question were not stolen because he did not remove them from the building. McCarty also argues that, under the rule of lenity, the two-level enhancement should not apply because the meaning of "stolen" in § 2K2.1(b)(4)(A) is ambiguous.

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Jackson*, 401 F.3d 747, 748 (6th Cir. 2005). Section 2K2.1(b)(4)(A) provides for a two-level enhancement if an illegally possessed firearm "was stolen."

McCarty waived the argument that the firearms were not stolen by conceding during the sentencing hearing that the firearms "gained the character of being stolen" when McCarty removed them from the display case. *See United States v. Priddy*, 808 F.3d 676, 681 (6th Cir. 2015). And because McCarty did not raise his claim based on the rule of lenity in the district court, it is barred by the appellate-waiver provision in his plea agreement, which waived his right to raise on appeal any challenge to the district court's determination of the guidelines range that was not raised during sentencing. *See United States v. Hockenberry*, 730 F.3d 645, 671 (6th Cir. 2013).

Accordingly, we **AFFIRM** McCarty's sentence.